Per Curiam.

It clearly appears from the evidence that the rent charged on the “ freeze ” date, March 1, 1943, was $55 a month. Defendant is entitled to an ‘6 equalization adjustment ’ ’ of 15% or $8.25 of the maximum rent in effect on May 1, 1953. (State Rent and Eviction Regulations, § 23.) Consequently, the actual overcharge is to be computed at the rate of $21.75 per *966 month from October, 1956 to and including May, 1958. There was no evidence of willfulness herein.
The trial court misconceived the purport of the order of the Temporary State Housing Bent Commission. The said order did not establish a new rental for the unit involved, but merely increased the existing maximum rent.
The failure by the landlord to file a registration does not bar an overcharge action. (Acevedo v. Syrian Protestant Church, 1 Misc 2d 66.)
The judgment should be unanimously reversed on the law and facts, with $30 costs to plaintiff and judgment directed for plaintiff in the sum of $413.25 plus $100 counsel fee, with appropriate costs in the court below.
Concur — Hart, Di Giovanna and Brown, JJ.
Judgment reversed, etc.